UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LACEY KURT PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV111-HEA |
| | ) | |
| SGT. HARPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Compel the Southeast Correctional Center ("SCC") staff to allow him full access to the institution's law library and to stop all retaliatory action against Plaintiff, [ Doc. No. 24]. Defendant opposes this motion and has filed a timely written response thereto. Plaintiff filed his reply and the matter is therefore fully briefed. For the reasons set forth below the motion is denied.

### FACTS AND BACKGROUND

Plaintiff is an inmate confined to SCC in Charleston, Missouri. Plaintiff brought the instant civil action pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights. Plaintiff was placed in administrative segregation on February 2, 2007 for ten days as a result of a conduct violation given to him on January 26, 2007. (Exhibit A). Plaintiff asserts that he was issued a conduct

violation because he was being retaliated against for filing a previous motion against the correctional facility. Plaintiff alleges that he has been denied the use of the law library as a result of such alleged retaliation. Plaintiff requests an order enjoining the correctional facility from denying him use of the law library.

## DISCUSSION

Courts grant injunctive relief to help maintain the status quo until a final hearing or until a court grants final relief. *Rathmann Group v. Tanenbaum,* 889 F.2d 787,789-90 (8th Cir. 1989) (quoting *FerryMorse Seed Co. v. Food Corn, Inc.,* 729 F.2d 589,593 (8th Cir. 1984). The Eighth Circuit weighs the following four factors to determine whether injunctive relief should be granted: (1) "the threat of irreparable harm; (2) the balance between that harm and the injury to the non-moving party if the injunction is granted; (3) the probability of success on the merits of the claim; and (4) whether granting the injunction would benefit the public interest." *Pediatric Specialty care, Inc., v. Arkansas Dept. of Human Services,* 444 F.3d 991, 994 (8th Cir. 2006) (citing *Dataphase Sys. Inc. v. C.L. Sys., Inc.,* 640 F.2d 109,113 (8th Cir. 1991) (en banc)). The party seeking the injunction has the burden of proof. *Lankford v. Sherman,* 451 F.3d 496, 503 (8th Cir. 2006).

In order to demonstrate irreparable harm, a party must show that the harm is "certain, great and of such imminence that there is a clear and present need for

equitable relief." *See Packard Elevator v. I.C.C.,* 782 F.2d 112, 115 (8th Cir. 1986). Plaintiff's alleged harm is his denial of access by the Southeast Correctional Facility staff to the law library. In *Bounds v. Smith,* 430 US 817, 828 (1977), the Court addressed the issue of access to law libraries by inmates and held the following:

> the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

In this case, the Missouri Department of Corrections Institutional Services Policy and Procedure Manual ("IS"), Chapter 21, Section 2.1 provides that inmates housed in the segregation unit are to be granted access to the law library. (Exhibit B). Further, IS 21-2.1(III)(G)(15) states that inmates housed in the segregation unit are allowed to obtain legal research material and assistance by a library aide. Here, Plaintiff alleges that he was denied access to the law library but has not alleged that he was denied assistance by a library aide nor has he alleged that Southeast Correctional Facility has not abided by the above provisions. As such, Plaintiff has failed to show irreparable harm.

Failure to show irreparable harm is an independent ground for the denial of an injunction. *Dataphase,* 640 F.2d at 114 n.9. Thus, because Plaintiff has not alleged sufficient facts to show irreparable harm, the motion for injunctive relief is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for injunctive relief [Doc. No. 24] is denied.

Dated this 28th day of March, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE