UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LACEY KURT PAIGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV111-HEA |
| | ) |
| SGT. HARPER, ET AL., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the court on Defendants' Motion to Dismiss for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a) and for failure to state a claim [Doc. No. 11 ]. Plaintiff opposes the motion and has filed a written response thereto. Defendants filed a reply and the matter is therefore fully briefed. For the reasons set forth below the Defendants' Motion to Dismiss for failure to exhaust administrative remedies is granted as to Defendant Debbie Vinson ("Vinson") and denied as to Defendants Sgt. Harper ("Harper"), Officer Martin ("Martin"), Officer Taber ("Taber") and Officer Hollished ("Hollished").

**Facts and Background**

Plaintiff brought this action pursuant to 42 U.S.C. §1983. Plaintiff alleges

that on or about August 3, 2005 at approximately 10:25 pm, Defendants Harper, Martin, Taber and Hollished gave him (and several other inmates) tobacco that the Defendants sprayed with mace. As a result of smoking the allegedly tainted tobacco product, Plaintiff allegedly began vomiting, experiencing blurred vision, severe headaches, and shortness of breath. Plaintiff alleges that after smoking the tainted tobacco he pushed the emergency call button and that defendants Harper, Taber, Martin and Hollished ignored the emergency call for help. Plaintiff also alleges that Defendant Harper used the intercom system to taunt the inmates by asking if they wanted more tobacco to smoke and if the tobacco "hit the spot." Plaintiff alleges that Defendants Harper, Taber, Martin, and Hollished continued to taunt the inmates until the Defendants' shift was over at approximately 11:30pm.

Plaintiff claims that his Eighth Amendment Right to be free from cruel and unusual punishment was violated due to inadequate medical care. Plaintiff asserts that on August 17, 2005, he asked for medical attention to help him recover from his alleged injuries and that he was denied medical treatment until September 19, 2005. Plaintiff also alleges that Defendant Vinson altered his medical records to disguise the fact that he did not receive medical treatment until September 19, 2005.

Defendants move to dismiss for two independent reasons. First, Defendants claim Plaintiff failed to exhaust administrative remedies in accordance with 42 U.S.C. §1997 (e)(a). Defendants argue that failure to exhaust as to any one

defendant or claim requires dismissal of the entire action. Second, Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to state a cause of action because Plaintiff's allegations of Defendant Vinson falsifying medical records is not an Eighth Amendment violation or even a constitutional claim.

## Discussion

Defendants argue that Plaintiff's entire complaint should be dismissed for failure to exhaust administrative remedies in accordance with the PLRA. The purpose of the PLRA is to help the federal court system handle more efficiently the large number of prisoner complaints filed. The PLRA mandates early judicial screening of prisoner complaints and requires inmates to exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997 (e)(a) provides:

> No action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion process reduces the amount of complaints filed in federal courts by inmates because prison officials, instead of courts, are given the first opportunity to resolve conflicts. *Jones v. Bock,* __US __, 127 S.Ct 910, 923 (2007).

In *Woodford v. Ngo*, the Supreme Court held that proper exhaustion of

administrative remedies requires prisoners to "complete the administrative review process in accordance with the applicable procedural rules." __US__, 126 S.Ct. 2378, 2386 (2006). The Supreme Court noted that each state creates its own procedural rules within the grievance process. *Bock*, __US__,127 S.Ct at 922-923. The Court emphasized the fact that "the prison's requirements, and not the PLRA define the boundaries of proper exhaustion." *Id.*

In *Bock*, the Supreme Court noted that the Sixth Circuit's rule of requiring a prisoner to name "all defendants" in an initial grievance was unwarranted. *Id.* at 923. The Court highlighted the fact that the prison policy of the MDOC only required prisoners to be "as specific as possible" when filing out a grievance and not to name every defendant. *Id.* at 922. Moreover, "nothing in the MDOC policy itself support[ed] the conclusion that the grievance process was improperly invoked simply because an individual later named as a defendant was not named at the first step of the grievance process." *Id.* Therefore, the Sixth Circuit's rule of "naming all defendants" was unwarranted because "it is the prison's requirements...[and not the judiciary] that define the boundaries of proper exhaustion (emphasis added)." *See id.* at 922-923. The Court noted that it is unclear whether every defendant must be named in a grievance complaint in order to properly exhaust administrative remedies and concluded that exhaustion is not "per se inadequate simply because an individual later sued was not named in the

grievances. *Id.* at 923.

In this case, Defendants argue that Plaintiff's entire complaint should be dismissed because Plaintiff did not name Defendant Vinson in his grievance. While it is unclear whether Plaintiff had to name every defendant in the grievance complaint, it is clear that Plaintiff's complaint is not "per se inadequate simply because an individual later sued was not named in the grievances." *Bock*, __US__, 127 S.Ct at 923. In addition, nothing in the Missouri Department of Corrections Grievance Policy ("MDOCGP") states that a prisoner must name all defendants. In fact, the MDOCGP only requires "the offender [prisoner] [to] provide whatever material information is available to him/her." (Document # 19-2, pg 10, exhibit B). Under the MDOCGP, Plaintiff was not required to name every defendant in the initial grievance procedure. Accordingly, since it is the prison requirements that define the boundaries of proper exhaustion, and because the MDOCGP does not require prisoners to name all defendants, the defendant's Motion to Dismiss the plaintiff's entire complaint should not be granted. However, Plaintiff's complaint against Defendant Vinson, for falsifying his medical records, should be dismissed. The Supreme Court noted that when all claims are not administratively exhausted, a plaintiff should be allowed to proceed on with the exhausted claims. *Bock,* __ US __, 127 S.Ct 910, 923-926 (2007). Here, because Plaintiff failed to properly

exhaust his administrative remedies with respect to his claim against Defendant Vinson, only this claim should be dismissed.

Moreover, even if Plaintiff had named Defendant Vinson in his grievance, Vinson should be dismissed because plaintiff has not stated a valid cause of action against Vinson. Plaintiff alleges that his Eighth Amendment Rights were violated due to inadequate medical care. In *Estelle v. Gamble,* the Supreme Court held that an inmate must show that the defendants acted with "deliberate indifference to serious medical needs" to establish an Eighth Amendment violation based on inadequate medical care. 429 U.S. 97, 104 (1976). More specifically, the plaintiff must show: (1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it. *See Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8 th Cir. 1995). Here plaintiff only asserts that Vinson falsified his medial records to make it appear as if Plaintiff had received treatment at a date earlier than the actual date that he received treatment. Plaintiff never alleges that he was not given treatment nor that Vinson disregarded his need for treatment. As alleged Plaintiff's allegations with respect to Defendant Vinson do not state an Eighth Amendment violation. *See Gamble,* 429 U.S. at 106.

(Medical malpractice does not violate prisoner's eighth amendment rights).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to dismiss for failure to exhaust administrative remedies [Doc. No 11] is granted as to Defendant Vinson and denied as to Defendants Harper, Martin, Taber, and Hollished

Dated this 28th day of March 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE