UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LACEY KURT PAIGE,              )
                               )
        Plaintiff,             )
                               )
v.                             )    Case No. 1:06CV111 HEA
                               )
SGT. HARPER, et al.,           )
                               )
        Defendants.            )

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for In Camera Review, [Doc. No. 51], Plaintiff's Motion to Compel, [Doc. No. 54], Plaintiff's Motion for Leave to Take Depositions on Oral Examination of Defendants and Witnesses, [Doc. No. 60], and Plaintiff's Motion to Depose Dr. Babich, Dr. Hakala, Debbie Vinson, and Lt. Stewart, [Doc. No. 63]. Defendants oppose these motions and have filed timely written responses thereto. For the reasons set forth below the motions are denied in part and granted in part.

As previously set out, Plaintiff is an inmate confined to SECC in Charleston, Missouri. Plaintiff brought the instant civil action pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights.

## **Motion for In Camera Review**

In his motion for in camera review, Plaintiff asks the Court to deny

Defendants' objections to his interrogatories and request for admission.  This motion is denied as moot because Plaintiff's Motion to Compel requests the same relief.

**Motion for Order Compelling Disclosure of Discovery from Defendants**

Plaintiff asks for an Order Compelling answers to certain interrogatories and requests for production of documents.  The Court has reviewed the interrogatories and requests and makes the following rulings:

Interrogatory # 6:  Objection sustained.  The information requested is confidential and closed under the policies of the Missouri Department of Corrections, based on § 610.021 RSMo.[1]

Interrogatory # 7:  Objection overruled.  Plaintiff requests information regarding whether Defendants were trained in the use of mace.  Plaintiff claims that he was given tobacco that had been sprayed with mace.  This information may lead to admissible evidence in that spraying tobacco with mace would <u>not</u> be a proper use of mace.  Defendants shall answer this interrogatory within 5 days from the date of this order.

Interrogatory # 8:  Objection overruled.  Plaintiff seeks the answer to whether

---

[1] Defendants' original citation to § 217.075 was merely an error and this error fails to give rise to a basis upon which Plaintiff can secure this information.

Defendants have ever "used mace." The answer to this interrogatory may lead to admissible evidence regarding how Defendants have used mace within the prison. Defendants shall answer the interrogatory within 5 days from the date of this Order.

Interrogatory # 10: Objection has been withdrawn.

Interrogatory # 11: Objection sustained. The interrogatory asks for privileged information.

Request for Admission # 7: Objection sustained.

Request for Admission # 11: Objection sustained.

Request for Admission # 12: Objection sustained.

Request for Admission # 13: Objection sustained.

Request for Admission # 16: Objection overruled. Insofar as the Department of Corrections has any official policies regarding the use of mace, Defendants shall admit or deny the request within 5 days from the date of this Order.

Request for Admission # 17: Objection sustained.

Request for Admission # 18: Objection sustained.

Request for Production # 1, 2, 3, and 4: Objection sustained.

Request for Production # 7 and 8: Objection sustained.

Request for Production # 9: Objection sustained.

Request for Production # 10: Objection sustained.

Request for Production # 12: Objection withdrawn.

Request for Production # 13: Objection sustained.

Request for Production # 14: Objection overruled. Plaintiff requests any medical warnings used by the Missouri Department of Corrections as they relate to mace. These documents may lead to admissible evidence. Defendants shall answer the request within 5 days from the date of this Order.

Request for Production # 15: Objection sustained as to time. Defendants shall provide the documents described in the Request for the last 5 years.

Request for Production # 16: Objection sustained.

### Motion for Leave to Take Depositions on Oral Examination of Defendants and Witnesses

Plaintiff previously sought to depose Defendants, and the Court denied this motion. Plaintiff could have used other discovery means for obtaining discovery without jeopardizing the correctional center's security. The Motion is DENIED.

### Motion to Depose Dr. Babich, Dr. Hakala, Debbie Vinson, and Lt. Stewart

Plaintiff does not explain why he has waited until after the close of discovery to request these depositions, although the identity of these witnesses was available. Furthermore, with respect to Lieutenant Stewart, the same security concerns prevail. The Motion is DENIED.

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for In Camera Review, [Doc. No. 51], is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, [Doc. No. 54], is GRANTED IN PART and DENIED IN PART as provided herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Take Depositions on Oral Examination of Defendants and Witnesses, [Doc. No. 60], is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Depose Dr. Babich, Dr. Hakala, Debbie Vinson, and Lt. Stewart, [Doc. No. 63], is DENIED.

Dated this 3rd day of December, 2007.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE