UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LACEY KURT PAIGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:06CV111 HEA |
| | ) |
| SGT. ERIK HARPER, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 78], and Plaintiff's Motion for Leave to File Supplemental Complaint, [Doc. 99]. Plaintiff opposes the motion for summary judgment. Defendants have not responded to Plaintiff's motion for leave to file supplemental complaint. For the reasons set forth below, the Motions are denied.

Plaintiff brought this Section 1983 action seeking damages against Defendants for certain violations of his Fourteenth and Eighth Amendment rights. 42 U.S.C. § 1983.

## Facts and Background[1]

Plaintiff's Complaint alleges that on or about August 3, 2005, while he was in

---

[1] This rendition of the facts is taken from Plaintiff's Complaint and is set forth for the purposes of this motion only. It in no way relieves any party of the necessary proof of these facts in later proceedings.

an Administrative Segregation unit[2] Defendants sprayed mace on some cigarettes and placed them in a position for Plaintiff to reach them. Plaintiff smoked the cigarettes and allegedly became ill. Emergency medical attention was allegedly refused and Plaintiff was told to fill out a Medical Service Request. Plaintiff claims that he continued to experience medical problems and was first seen for his condition on September 9, 2005, and that he developed asthma on September 19, 2005.

## **Standard of Review**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).

---

[2] Inmates are not allowed tobacco products while in Administrative Segregation.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative

evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

**Motion for Summary Judgment**

Defendants move for summary judgment based on the argument that Plaintiff

cannot establish any damages due to the facts that the effects of pepper spray are not permanent; that the effects are not gradual, but immediate; and that smoking tobacco containing pepper spray would not cause asthma. Defendants support their arguments with the affidavit of Glen Babich, deposition testimony and Plaintiff's medical records. In contravention, Plaintiff has submitted affidavits and a Department of Corrections Potosi Correctional Center interview transcript from the interview of COI John Martin on September 21, 2005. The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by their jailers. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir.2006) (citing *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir.2002)). "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers regardless of whether an inmate suffers serious injury as a result." *Treats*, 308 F.3d at 872. When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme

or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir.1994) (citations omitted).

Plaintiff argues that there is sufficient evidence to his Eighth Amendment claim for inflicting cruel and unusual punishment upon him. Here, a reasonable jury could conclude that spraying pepper spray on cigarettes and placing them in a position for Plaintiff to obtain when there was no legitimate reason to do so was a course of action intended to injure Plaintiff "without just cause or reason," and was therefore malicious. *Howard*, 21 F.3d at 872. The Eighth Amendment proscribes the use of excessive force against prisoners, even if the resulting "injury is not of great significance" *Id*, at 872-73); *McLaurin v. Prater*, 30 F.3d 982, 984 (8th Cir.1994) (stating that pain is a "sufficient injury to allow for recovery for an Eighth Amendment violation"). *U.S. v. Miller*, 477 F.3d 644, 647 -648 (8th Cir. 2007). The record before the Court establishes that genuine issues of material fact exist as to Plaintiff's Eighth Amendment claims. As such, summary judgment is not proper.

**Motion for Leave to Supplement Complaint**

Plaintiff claims that he is being retaliated against because of the filing of this action by individuals not named as defendants in this case. These claims are separate from the instant claims and are more appropriately brought in a separate suit. To allow a supplement of this Complaint would prejudice these defendants and

impede the expeditious conclusion of this matter.  The motion will be denied.

**Conclusion**

Based upon the foregoing analysis, Defendant's Motion is not well taken. Plaintiff has established the existence of genuine issues of material fact sufficient to overcome Defendant's Motion.

Plaintiff's Motion for Leave to Supplement Complaint is not, however, well taken in that it raises new issues not previously before the Court and appears to allege claims against individuals not named as defendants in this action Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 78], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint, [Doc. 99], is **DENIED**.

Dated this 5th day of January, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE