UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LACEY KURT PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV111 HEA |
| | ) | |
| SGT ERIK HARPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Supplemental Motion for Summary Judgment, [Doc. No. 118] and Plaintiff's Motion to Dismiss Party Defendant, Motion to Add Party Defendants and for Leave to Amend Pleadings. Defendants, [Doc. No. 122]. For the reasons set forth below, the Supplemental Motion for Summary Judgment is denied as moot. The Motion to Dismiss is granted in part and denied in part.

Plaintiff brought this Section 1983 action seeking damages against Defendants for certain violations of his Fourteenth and Eighth Amendment rights. 42 U.S.C. § 1983.

**Facts and Background**[1]

[1] This rendition of the facts is taken from Plaintiff's Complaint and is set forth for the purposes of this motion only. It in no way relieves any party of the necessary proof of these facts in later proceedings.

Plaintiff's Complaint alleges that on or about August 3, 2005, while he was in an Administrative Segregation unit[2] Defendants sprayed mace on some cigarettes and placed them in a position for Plaintiff to reach them. Plaintiff smoked the cigarettes and allegedly became ill. Emergency medical attention was allegedly refused, and Plaintiff was told to fill out a Medical Service Request. Plaintiff claims that he continued to experience medical problems and was first seen for his condition on September 9, 2005, and that he developed asthma on September 19, 2005.

**Discussion**

Plaintiff seeks to dismiss Paul Martin as a defendant and add John Martin. Defendant's Supplemental Motion for Summary Judgment seeks summary judgment in favor of Paul Martin, as he was not working during the time the incident at issue occurred. Plaintiff also seeks to amend his pleadings under Rules 15 and 19(a)(1)(A) of the Federal Rules of Civil Procedure to add the State of Missouri Department of Corrections as a necessary party. Defendants do not oppose dismissal of Defendant Paul Martin. In fact, the sole basis for their Supplemental Motion for Summary Judgment is that Defendant Paul Martin was not working at the time of the incident in question. Defendants do oppose, however, the addition of

[2] Inmates are not allowed tobacco products while in Administrative Segregation.

John Martin as a defendant and oppose the amendment of the pleadings to add the State of Missouri Department of Corrections as a necessary party.

Defendants complain that it is too late in this litigation to add John Martin as a defendant, arguing that Plaintiff himself knew of the identity of the correct Officer Martin for over a year, when Defendants disclosed this information to Plaintiff. They also claim they will be unduly prejudiced by the addition of the correct Officer (John) Martin in that discovery has closed, the time for filing dispositive motions ended on February 1, 2009, and the trial in this matter is scheduled in less than two months.

Plaintiff filed this suit against "Officer Martin." At no point did Plaintiff ever contend that "Officer Martin" was Officer Paul Martin; it was Defendants who throughout this litigation asserted Paul, rather than John was the Officer Martin in question. Although Defendants claim that Plaintiff knew of the correct identity of Officer Martin, obviously, so did Defendants. They cannot now claim that they are surprised or prejudiced by Plaintiff's motion to add the correct Officer Martin. Defendants are in possession of the reports and documentation generated as a result of this incident. They knew which officers were working at the time and which officers were involved. The Court is at a loss as to Defendant's claims that they will be unduly prejudiced by the addition of the correct Officer Martin, particularly

in light of the fact that the discovery that has already conducted can be used in the case *vis a vis* Officer John Martin. It appears to the Court that most, if not all, discovery necessary for the preparation of John Martin's defense should have been conducted through the discovery of the other defendants. Moreover, in the event that John Martin needs to conduct further discovery, the parties can move the Court for additional discovery and extensions of deadlines. The Court will address such motions expeditiously and with the impending trial date in mind.

This Court agrees, however, that the motion as it relates to the Missouri Department of Corrections is well taken. Section 1983 provides for an action against a "person" for a violation, under color of law, of another's civil rights. As the Supreme Court has consistently held, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); see *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). *McLean v. Gordon* 548 F.3d 613, 618 (8th Cir. 2008).

**Conclusion**

Based upon the foregoing analysis, Defendants' Supplemental Motion for Summary Judgment seeking to dismiss Paul Martin is moot. Plaintiff will be allowed to add John Martin as a defendant herein. Plaintiff's Motion as it relates to adding the Missouri Department of Corrections will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Supplemental Motion for Summary Judgment, [Doc. No. 118], is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Party Defendant, Motion to Add Party Defendants and for Leave to Amend Pleadings. Defendants, [Doc. No. 122], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Paul Martin is dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff shall file within 5 days from the date of this Order an Amended Complaint adding John Martin as a defendant herein.

Dated this 3rd day of June, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE