UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LACEY KURT PAIGE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number 1:06CV111 HEA |
| | ) |
| ERIC HARPER, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Harper and Taber's Motion to Exclude the Testimony of Plaintiff's Expert Testimony and for Summary Judgment, [Doc. No. 186] and Plaintiff's Motions to Exclude Defendants' Expert, Dr. Long, [Doc. No.'s 209 and 211]. The parties oppose each other's respective Motions. For the reasons set forth below, Defendants' Motion is granted. Plaintiff's Motion is denied.

Plaintiff brought this Section 1983 action seeking damages against Defendants for certain alleged violations of his Fourteenth and Eighth Amendment rights. 42 U.S.C. § 1983.

## Facts and Background

Plaintiff's Complaint alleges that on or about August 3, 2005, while he was in

an Administrative Segregation unit[1] Defendants sprayed mace on some cigarettes and placed them in a position for Plaintiff to reach them. Plaintiff smoked the cigarettes and allegedly became ill. Emergency medical attention was allegedly refused and Plaintiff was told to fill out a Medical Service Request. Plaintiff claims that he continued to experience medical problems and was first seen for his condition on September 9, 2005.

## Admission of Expert Testimony

Rule 702 of the Federal Rules of Evidence provides the basis upon which expert testimony is admissible. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 places appropriate limits on the admissibility of expert testimony by assigning the district court the task, as gatekeeper, of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993); see also, *Eckelkamp v.*

---

[1] Inmates are not allowed tobacco products while in Administrative Segregation.

*Beste*, 315 F.3d 863, 868 (8th Cir. 2002). There must be a valid connection to the pertinent inquiry as a precondition to admissibility. *Id*, at 591.

In *Daubert*, the Supreme Court emphasized the role of trial judges as gatekeepers to "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

> First, the trial court must make a "preliminary assessment of whether the reasoning is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id* at 592-93, 113 S.Ct. 2786. The Court cautioned that the trial court must focus "on [the] principles and methodology, not on the conclusions that they generate." *Id* at 591, 113 S.Ct. 2786. Second, the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. *Id*, at 592, 113 S.Ct. 2786. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Id*. at 591, 113 S.Ct. 2786. The Court, in *Kumho Tire Co. v. Carmichael*, 562 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), clarified that the district court's gatekeeper function applies to all expert testimony, not just testimony based in science. *Id*. at 147, 119 S.Ct. 1167.

*Kudabeck v. Kroger*, 338 F.3d 856, 860 (8th Cir. 2003).

"A trial judge must make a preliminary assessment of whether the proffered expert's methodology is both scientifically valid and applicable to the case." *Ahlberg v. Chrysler Corp,* 481 F.3d 630, 635 (8th Cir. 2007) (citing *Daubert,* 509 U.S. at 592-93). "Under Rule 702, as amplified by *Daubert,* factors bearing upon this determination include whether the expert's theory or technique (1) can be and has been tested, (2) has been subjected to peer review and publication, (3) has a

known or potential rate of error, and (4) has gained general acceptance in the relevant community." *Id.* (citing *Daubert,* 509 U.S. at 593-94, 113 S.Ct. 2786). "This 'gatekeeping requirement' is to ensure that the proffered expert exercises the same 'intellectual rigor' in the courtroom as does an expert in the relevant field." *Id.* (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). *Bland v. Verison Wireless*, *(VAW) L.L.C.*, 538 F.3d 893, 896 (8th Cir. 2008).

To prove causation in a toxic tort case, a plaintiff must show both that the alleged toxin is capable of causing injuries, like that suffered by the plaintiff, in human beings subjected to the same level of exposure as the plaintiff, and that the toxin was the cause of the plaintiff's injury. *Bonner v. ISP Technologies*, *Inc.* 259 F.3d 924, 931 (8th Cir. 2001); see also *Wright v. Willamette Indus., Inc.,* 91 F.3d 1105, 1106 (8th Cir.1996). In other words, Plaintiff must put forth sufficient evidence for a jury to conclude that the product was capable of causing his injuries, and that it did. The Eighth Circuit has held, however, that "[t]he first several victims of a new toxic tort should not be barred from having their day in court simply because the medical literature, which will eventually show the connection between the victims' condition and the toxic substance, has not yet been completed." *Turner,* 229 F.3d at 1208-09 (8th Cir.2000). Plaintiff did not "need to produce 'a mathematically precise table equating levels of exposure with levels of harm' in order to show" that he was exposed to a toxic level of pepper spray, "but

only 'evidence from which a reasonable person could conclude' " that his exposure probably caused his injuries. *Bednar v. Bassett Furniture Mfg. Co.,* 147 F.3d 737, 740 (8th Cir.1998) (quoting *Wright,* 91 F.3d at 1107). The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate. *Daubert*, 509 U.S. at 594-95

There is no requirement "that a medical expert must always cite published studies on general causation in order to reliably conclude that a particular object caused a particular illness." *Heller v. Shaw Indus.,* 167 F.3d 146, 155 (3d Cir.1999); *see Turner,* 229 F.3d at 1207-08 (citing *Heller,* 167 F.3d at 155). "[E]ven if the judge believes there are better grounds for some alternative conclusion, and that there are some flaws in the scientist's methods, if there are good grounds for the expert's conclusion, it should be admitted .... [T]he district court could not exclude [scientific] testimony simply because the conclusion was 'novel' if the methodology and the application of the methodology were reliable." *Heller,* 167 F.3d at 152-53 (internal quotation marks and citation omitted). Likewise, there is no requirement that published epidemiological studies supporting an expert's opinion exist in order for the opinion to be admissible. *National Bank of Commerce v. Associated Milk Prods. Inc.,* 191 F.3d 858, 862 (8th Cir.1999). Both the Eighth Circuit cases and those of the Supreme Court make clear that it is the expert witnesses' methodology, rather than their conclusions, that is the primary

concern of Rule 702. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *Daubert,* 509 U.S. at 594-95, 113 S.Ct. 2786; *Turner,* 229 F.3d at 1209.

The only question relevant to the admissibility of the scientific evidence is whether it is sufficiently reliable and relevant to assist the jury's determination of a disputed issue. *Daubert,* 509 U.S. at 594-95, 113 S.Ct. 2786. As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. "Although it is common that medical experts often disagree on diagnosis and causation, questions of conflicting evidence must be left for the jury's determination." *Hose,* 70 F.3d at 976. *Bonner*, 259 F.3d at 928 -930.

## Rule 26 Disclosures

Rule 26 requires an expert witness to prepare a written report. Fed.R.Civ.P. 26(a)(2)(B). Among other things, the written report must contain a list of all cases in which the witness has testified as an expert, at trial or by deposition, during the previous four years. **Fed.R.Civ.P. 26(a)(2)(B)(v)**. If a party fails to follow the disclosure requirements of Rule 26, the Court can prevent the expert from testifying. **Fed.R.Civ.P. 37(c)(1)**.

## Summary Judgment Standard of Review

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc., *477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d

920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are

insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

### Plaintiff's Experts

Defendants seek to exclude Plaintiff's experts solely as to Plaintiff's alleged permanent lung damage. Defendants contend that Drs. Martinez and Shen's opinions are unreliable. Defendants argue that Dr. Martinez, a toxicologist, is unqualified to testify as to Plaintiff's medical condition; Dr. Martinez was unable to cite any scientific literature demonstrating that an acute exposure to pepper spray can cause permanent lung damage; Dr. Martinez has admitted that he has no knowledge of the dose to which Plaintiff was actually exposed; and Dr. Martinez admitted that he could not rule out other confounding factors, such as Plaintiff's long history of smoking, as an alternative cause of Plaintiff's alleged permanent injuries. With respect to Dr. Shen, a pulmonologist, Defendants argue that he relies entirely on Dr. Martinez's opinion that acute exposure to pepper spray is both a possible, and the actual cause of Plaintiff's alleged permanent lung damage.

Neither of Plaintiff's experts conducted a differential diagnosis. The Eighth Circuit has held, "a medical opinion about causation, based upon a proper differential diagnosis is sufficiently reliable to satisfy *Daubert*." *Turner v. Iowa Fire Equip. Co.,* 229 F.3d 1202, 1208 (8th Cir. 2000). A "differential diagnosis [is] a technique that identifies the cause of a medical condition by eliminating the likely causes until the most probable cause is isolated." *Id.* (citing *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 262 (4th Cir.1999)). Neither expert discusses the cause of asthma in an attempt to establish the inhalation of pepper spray caused Plaintiff's alleged worsening asthma. As a practical matter, Drs. Martinez and Shen's causation opinion could not possibly be based upon a reasonable degree of medical certainty.

The Court further concludes Drs. Martinez and Shen fail to eliminate, I in a scientific fashion, other possible causes as part of their conclusions. Even if they were able to link Plaintiff's alleged exacerbated asthma to pepper spray inhalation, they must also rule out other possible causes. *Id.* at 1209 (recognizing "an expert must 'rule in' the suspected cause as well as 'rule out' other possible causes" (citing *Nat'l Bank of Commerce of El Dorado v. Associated Milk Producers, Inc.,* 22 F.Supp.2d 942, 963 (E.D.Ark.1998), *aff'd,* 191 F.3d 858 (8th Cir.1999))). Drs. Martinez and Shen appear to have focused on the temporal link between Plaintiff's exposure to the pepper spray and the subsequent asthma related treatment. It does

not appear Drs. Martinez and Shen ever conducted an investigation or analysis of Plaintiff's smoking behaviors to determine other possible causes of Plaintiff's worsened asthma. *See Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 758 (8th Cir.2006) (holding the district court acted within its discretion in excluding the testimony of a toxicologist on medical causation where the toxicologist did not exclude confounding factors leaving open the possibility of competing causes).

"Critical to a determination of causation is characterizing exposure." Federal Judicial Center, *The Reference Manual on Scientific Evidence* 472 (2d ed.2000). "The magnitude or concentration of an exposure should be estimated" and "[t]he temporal aspects of the exposure should be determined-whether the exposure was short-term and lasting a few minutes, days, weeks, or months, or was long-term and lasted for years." *Id.* Drs. Martinez and Shen lack knowledge regarding what level of exposure to pepper spray constitutes an appreciable risk of causing Plaintiff's exacerbated asthma and the specific concentration and degree of Plaintiff's exposure to the pepper spray. Without knowledge of these data points, Drs. Martinez and Shen can not extrapolate from the existing data because, the gap between the data identified and their proffered opinions are " 'simply too great an analytical gap' ... to support admissibility." (quoting *General Elec., Co. V. Joiner,* 522 U.S. 136, 146 (1997).

The only remaining basis for Drs. Martinez and Shen's causation opinion is temporal proximity, that is, Plaintiff's inhalation of the pepper spray occurred shortly before Plaintiff experienced exacerbated asthma. "'In the absence of an established scientific connection between exposure and illness, or compelling circumstances ... the temporal connection between exposure to chemicals and an onset of symptoms, standing alone, is entitled to little weight in determining causation.' *Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 278 (5th Cir.1998) (footnote reference omitted)." *Bland*, 538 F.3d at 898-99. "Under some circumstances, a strong temporal connection is powerful evidence of causation." *Bonner v. ISP Techs.,* 259 F.3d 924, 931 (8th Cir.2001) (citation omitted). "[I]f a person were doused with chemical X and immediately thereafter developed symptom Y, the need for published literature showing a correlation between the two may be lessened." *Id.* (quoting *Heller v. Shaw Indus., Inc.,* 167 F.3d 146, 154 (3d Cir.1999)). The temporal relationship often will be only one of several factors, and the weight to be given to the temporal relationship "will differ depending on the strength of that relationship." *Heller,* 167 F.3d at 154. In this case, the Court has discounted all the other factors supporting Drs. Martinez and Shen's opinions Plaintiff's exposure to pepper spray had caused permanent lung damage leaving only temporal proximity to support their causation opinion. Considering Plaintiff was previously diagnosed with asthma and has a history of smoking, the Court

cannot find that Drs. Martinez and Shen's conclusion that Plaintiff's permanent lung damage, if any, was caused solely by inhalation of the pepper spray laced cigarettes is reliable. Because of this, Plaintiff is unable to prove causation on his permanent injury claim, and Defendants are entitled to summary judgment on the issue.

Defendants do not challenge Plaintiff's experts regarding his claimed immediate injuries, rather, they only seek judgment on the permanent injury issue. Drs. Martinez and Shen are therefore free to testify as to Plaintiff's acute injuries.

**Defendants' Expert Long**

Plaintiff moves to exclude Defendants' Expert Christopher Long.[2] Plaintiff argues Defendants have failed to comply with Rule 26 in disclosing Dr. Long, however the record before the Court establishes that Defendants have substantially complied with the requirements of Rule 26 and that Plaintiff has not been prejudiced by any perceived shortcomings in that regard. Plaintiff's Motion to Exclude will therefore be denied.

**Conclusion**

The testimony proffered by Plaintiff's experts with respect to Plaintiff's claimed permanent lung damage fails to satisfy the standards set out in Rule 702 of the Federal Rules of Civil Procedure. As such, these experts will not be allowed to

---

[2] This issue may be moot, based on the Court's ruling on Defendants' Motion to Exclude and for Summary Judgment.

testify as to those claimed damages. Defendants are entitled to judgment as a matter of law on that issue only.

Plaintiff's Motion to Exclude Dr. Christopher Long is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Harper and Taber's Motion to Exclude the Testimony of Plaintiff's Expert Testimony and for Summary Judgment, [Doc. No. 186], are granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Exclude Defendants' Expert, Dr. Long, [Doc. No.'s 209 and 211], are denied.

**IT IS FURTHER ORDERED** that a judgment in favor of Harper and Taber on the issue of permanent injuries to Plaintiff will be entered upon the resolution of the remaining issues.

Dated this 8th day of January, 2010.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE