UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LACEY KURT PAIGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:06CV111 HEA |
| | ) |
| SGT ERIK HARPER, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Harper and Taber's Motion for Summary Judgment, [Doc. No. 184] and Defendant Aters's Motion for Summary Judgment, [Doc. No. 192]. Plaintiff opposes the motions. For the reasons set forth below, Defendants Harper and Taber's Motion is granted in part and denied in part. Defendant Ater's Motion is granted.

Plaintiff brought this Section 1983 action seeking damages against Defendants for certain violations of his Fourteenth and Eighth Amendment rights. 42 U.S.C. § 1983.

## Facts and Background

Plaintiff's Complaint alleges that on or about August 3, 2005, while he was in

an Administrative Segregation unit[1] Defendants sprayed mace on some cigarettes and placed them in a position for Plaintiff to reach them. Plaintiff smoked the cigarettes and allegedly became ill. Emergency medical attention was allegedly refused and Plaintiff was told to fill out a Medical Service Request. Plaintiff claims that he continued to experience medical problems and was first seen for his condition on September 9, 2005, and that he developed asthma on September 19, 2005.

## Standard of Review

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).

---

[1] Inmates are not allowed tobacco products while in Administrative Segregation.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative

evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

### Defendant Aters' Motion

Defendant Aters moves for summary judgment based on the argument that

Plaintiff cannot establish that she acted with deliberate indifference to the medical needs of Plaintiff and thereby violated his constitutional right to be free of cruel and unusual punishment in contravention of the Eighth Amendment.

"Deliberate indifference has both an objective and a subjective component." *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir.2009). "The objective component requires a plaintiff to demonstrate an objectively serious medical need." *Id*. "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *Id*.

"Whether a prison's medical staff deliberately disregarded the needs of an inmate is a factually-intensive inquiry." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118 (8th Cir.2007). "The plaintiff-inmate must clear a substantial evidentiary threshold to show that the prison's medical staff deliberately disregarded the inmate's needs by administering an inadequate treatment." *Id*.

Negligent mis-diagnosis does not create a cognizable claim under § 1983. *McRaven v. Sanders,* 577 F.3d 974, 982 -983 (8th Cir. 2009).

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). See also *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir.2008) ("Medical malpractice alone ... is not actionable under the Eighth Amendment."). " 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir.2004), quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

Defendant Aters avers that at the times relevant herein, she was assigned to the position of pharmacy nurse. In this capacity, her duties included distributing medication to inmates confined to the general population section of the prison. Defendant Aters was not assigned to assess Plaintiff, nor was she assigned to provide nursing care to Plaintiff or to any other inmate confined in the administrative segregation unit in August, 2005. She has no personal knowledge or recollection of Plaintiff. Her involvement in this situation is limited to her review and triage of Plaintiff's Medical Service Requests (MRS).

Defendant avers that she reviewed and triaged two of Plaintiff's MRS forms on August 17, 2005 and August 20, 2005. Defendant concluded that the August 17, 2005 MSR request was for routine medical care and she referred Plaintiff's case to

nursing sick call. Plaintiff was seen by nursing staff on August 22, 2005 at nursing sick call. The MSR indicates that Plaintiff's temperature, pulse, respiration, blood pressure, and weight were each assessed and documented by the August 22, 2005 treating nurse. This nurse's initials appear on the MSR form, acknowledging that protocol was completed.

Defendant reviewed a second MSR on August 20, 2005. Defendant again concluded that Plaintiff's complaints were not of a life threatening or emergent medical nature. Plaintiff was seen by nursing staff on August 22, 2005 for his complaints.

Defendant Aters has no knowledge of Plaintiff's requests or attempts to self declare a medical emergency. As previously stated, her involvement was limited to the subsequent review of the MSR forms submitted by Plaintiff. Although Plaintiff testified in his deposition that he "believed" one of the nurses to be "Nurse Alters--Aders, Alters," Plaintiff cannot unequivocally controvert Defendant Aters' sworn testimony that she was not the nurse who responded to his calls for medical attention. She was not responsible for seeing inmates in administrative segregation nor did she actually see Plaintiff in response to his medical requests. Even assuming *arguendo* that Plaintiff had a serious medical condition, the record clearly establishes that Defendant Aters was not deliberately indifferent to that medical

need. As such, Plaintiff's claim against Defendant Aters fails.[2]

## Defendants Harper and Taber's Motion

Defendants Harper and Taber move for summary judgment on two grounds: Defendant Taber urges judgment in his favor because he has denied the allegations that he knew Defendants Harper and Martin gave Plaintiff cigarettes that had been sprayed with pepper spray. Both Defendants move for summary judgment on the claims against them in their official capacities.

## Defendant Taber

The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by their jailers. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir.2006) (citing *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir.2002)). "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers regardless of whether an inmate suffers serious injury as a result." *Treats*, 308 F.3d at 872. When jail officials are

---

[2] Plaintiff attempts to argue that Aters is responsible for not following proper procedures under the Missouri Department of Corrections policy. There is no evidence in the record that Defendant Aters failed to follow proper procedure, other than Plaintiff's self serving pronunciation that she so failed. Furthermore, the argument that Defendant Aters failed to follow proper procedure is insufficient to raise a cognizable Section 1983 claim. Such failure does not rise to the level of an objectively serious medical need *and* a deliberate disregard of that need. There is no evidence whatsoever that Defendant Aters knew of Plaintiff's serious medical need *and* deliberately disregarded that need.

alleged to have used excessive force against a prisoner, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir.1994) (citations omitted).

Plaintiff argues that there is sufficient evidence to his Eighth Amendment claim for inflicting cruel and unusual punishment upon him. Here, a reasonable jury could conclude that spraying pepper spray on cigarettes and placing them in a position for Plaintiff to obtain when there was no legitimate reason to do so was a course of action intended to injure Plaintiff "without just cause or reason," and was therefore malicious. *Howard*, 21 F.3d at 872. The Eighth Amendment proscribes the use of excessive force against prisoners, even if the resulting "injury is not of great significance" *Id*, at 872-73); *McLaurin v. Prater*, 30 F.3d 982, 984 (8th Cir.1994) (stating that pain is a "sufficient injury to allow for recovery for an Eighth Amendment violation"). *U.S. v. Miller*, 477 F.3d 644, 647 -648 (8th Cir. 2007).

Defendant Taber seeks summary judgment because there is no evidence that he gave Plaintiff the pepper spray laced tobacco, as alleged in the First Amended

Complaint. Taber denies having done so. Likewise, Plaintiff has testified that Defendants Harper and Martin gave him the tobacco. There is evidence that Defendant Taber was aware that the tobacco was adulterated, though there are questions as to when Taber acquired this knowledge. And, notwithstanding Taber's alleged noninvolvement in giving Plaintiff the tobacco, it is within the realm of possibility that a fact finder could find Taber exercised cruel and unusual punishment *vis a vis* Plaintiff in failing to seek medical attention after he had inhaled the tobacco. Under the Federal Rules of Civil Procedure, the parties are afforded the opportunity to amend their pleadings to conform to the evidence. Plaintiff has put Taber on notice of his claim of a violation of his Eighth Amendment rights and has therefore satisfied his notice pleading requirements. Moreover, Defendant Martin testified that it was possible that Defendant Taber could have had contact with the tobacco the evening in question. The motion for summary judgment, is therefore denied as to Defendant Taber.

## Official Capacity

Plaintiff has sued Defendants in both their individual and official capacities. In each of his claims, Plaintiff prays for money damages. Defendants claim that the claims in their official capacities are subject to summary judgment in their favor.

Defendants are correct that in their official capacity, the Eleventh Amendment

bars this action. "The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities." *Nix v. Norman,* 879 F.2d 429, 432-33 (8th Cir. 1989). The Eleventh Amendment bars § 1983 claims for damages against defendants acting in their official capacities. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). While Plaintiff is correct that a suit against an official in his or her official capacity can possibly be maintained for prospective relief, Plaintiff's Amended Complaint is for damages only. Accordingly, the § 1983 damage claims against Harper and Taber, acting in their official capacities, are dismissed with prejudice. *Id.*

## Conclusion

Based upon the foregoing analysis, Defendant Aters is entitled to judgment as a matter of law. Defendants Harper and Taber's Motion as it relates to them in their official capacities is well taken. With respect to Taber's claim that he is entitled to judgment, there remain questions of material fact such that summary judgment is inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Harper and Taber's Motion for Summary Judgment, [Doc. No. 184], is **GRANTED** in **part** and **DENIED** in

**part**.

**IT IS FURTHER ORDERED** that Defendant Aters's Motion for Summary Judgment, [Doc. No. 192] is **Granted**.

**IT IS FURTHER ORDERED** that appropriate judgments will be entered upon the resolution of the remaining issues herein.

Dated this 11th day of January, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE